UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN RICHMOND, | ) | No.  CV 05-05728-JTL |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

On August 8, 2005, Kevin Richmond ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of his concurrent applications for disability insurance benefits and supplemental security income.  On September 23, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on February 7, 2006, defendant filed an Answer to Complaint.  On April 14, 2006, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

**BACKGROUND**

On February 10, 1998, plaintiff filed an application for disability insurance benefits. (Administrative Record ["AR"] at 188-90). Plaintiff alleged that, beginning on September 19, 1995, he was unable to work because of swollen feet, arthritis, diabetes, and depression. (AR at 191). The Commissioner denied plaintiff's application for benefits, both initially and upon review. (AR at 151-56, 159-63).

Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 470). On November 29, 1999, the ALJ conducted a hearing in Long Beach, California. (AR at 44-82). Plaintiff appeared at the hearing with his counsel and testified. (AR at 46-74). Edward Kurata, a vocational expert, also appeared and testified. (AR at 74-78). On June 14, 2000, the ALJ conducted a supplemental hearing in Long Beach, California. (AR at 83-150). Plaintiff appeared at the hearing with his counsel and testified. (AR at 87-100). Harold Mills, M.D., and Melvin Schwartz, M.D., medical experts, appeared by telephone and testified. (AR at 100-125, 125-45). George Langston, a vocational expert, also appeared and testified. (AR at 145-57). On April 25, 2000, the ALJ issued his decision denying benefits. (AR at 17-26).

The Commissioner denied plaintiff's application for benefits, both initially and upon review. (AR at 457-63, 465-69). On September 11, 2000, plaintiff filed a request with the Appeals Council for review of the ALJ's decision. (AR at 12). The Appeals Council affirmed the ALJ's decision. (AR at 6-7). On September 1, 2000 and October 5, 2000, during his appeal of the ALJ's decision, plaintiff

2

filed concurrent applications for disability insurance benefits. (AR at 483-89). In the these applications, plaintiff alleged that, beginning on September 1, 1995, he was unable to work because of problems with infections and mental impairment. (AR at 495).

On September 23, 2002, the Social Security Appeals Council remanded the ALJ's decision regarding plaintiff's original application for benefits, in part, because the ALJ disregarded the testimony of the medical expert and failed to address the statements of a lay witness ("Remand Order"). (AR at 476-78). On June 25, 2002, the ALJ conducted a hearing in Long Beach, California. (AR at 1145-54). Plaintiff appeared at the hearing with his counsel. (AR at 1145). George Langston, a vocational expert, also appeared. (Id.). No testimony was taken and the hearing was continued to send plaintiff to a consultative examination by a pulmonologist. (AR at 1150). On November 25, 2003, the ALJ conducted the continued hearing in Long Beach, California. (AR at 1155-86). Plaintiff appeared at the hearing with his counsel and testified. (AR at 1145-79). George Langston, a vocational expert, also appeared and testified. (AR at 1179-85).

On April 14, 2004, the ALJ consolidated all of plaintiff's disability applications and issued his decision denying benefits. (AR at 420-29). In his decision, the ALJ concluded that plaintiff suffered from an impairment or combination of impairments that the ALJ found were severe. (AR at 428). While he does not specifically state which impairments he found severe, the ALJ determined in his prior decision that plaintiff's diabetes, psychosis, and bipolar disorder were severe. (AR at 20, 425). According to the ALJ, however, these impairments did not meet or equal any of the criteria contained in the

1  Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart
2  P, Appendix 1.  (AR at 428).  The ALJ also found that plaintiff's
3  complaints of totally disabling limitations were not fully credible.
4  (<u>Id.</u>).  While he determined that plaintiff could not return to his
5  past relevant work, the ALJ concluded that plaintiff retained the
6  residual functional capacity to perform light work, with certain
7  limitations.  (<u>Id.</u>).  Examples of jobs that plaintiff could perform
8  given the limitations outlined by the ALJ include work as an
9  assembler, packager, and sorter.  (AR at 427).  Ultimately, the ALJ
10 concluded that plaintiff was not disabled pursuant to the Social
11 Security Act.  (<u>Id.</u>).

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims in the Joint Stipulation:

1.  The Commissioner did not comply with the terms of the Remand Order.

2.  The ALJ failed to properly evaluate the medical evidence.

3.  The ALJ failed to properly evaluate plaintiff's subjective complaints.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Desrosiers v. Secretary of Health & Human Servs.</u>, 846 F.2d 573, 575-76 (9th Cir.

4

1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.      The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (1991); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity. Id. at 140. At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities. Id. at 140-41. Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity. Id. at 141. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Id. If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past. Id. If the claimant cannot perform his past work, the

fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience. Bowen, 482 U.S. at 142. The claimant is entitled to disability benefits only if he is not able to perform such work. Id.

**B.     The ALJ's Compliance with the Remand Order**

On September 23, 2002, the Appeals Council issued an Order remanding the case to the ALJ in order to give appropriate weight to the opinion of the medical expert and to consider the statements of the lay witness, Kim To. (AR at 477). The Appeals Council also ordered the ALJ to (1) update the records from plaintiff's attending physicians and other health care providers; (2) request each treating physician to furnish a medical source statement concerning plaintiff's mental or physical ability to perform routine work-related activities; (3) obtain all missing evidence from the treating sources; (4) send plaintiff to be examined by a consulting psychologist; and (5) complete a new residual functional capacities determination based on all the evidence. (AR at 477). In cases remanded by the Appeals Council, the ALJ is directed to "take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b).

Plaintiff contends that the ALJ failed to comply with the Remand Order by failing to submit copies of all the relevant medical evidence, including updated medical records, to the consulting psychologist before she examined plaintiff. Plaintiff further contends that the ALJ failed to comply with the directive of the Remand Order to consider the lay witness testimony of Ms. To. As discussed below, the Court agrees that the ALJ failed to comply with

6

the Remand Order.

   **1.   Updated Medical Records**

   Plaintiff objects to the ALJ's reliance on the assessment of the consulting psychologist, Michelle Molina, Ph.D., opining that plaintiff has no functional limitations.[1] (AR at 425). Specifically, plaintiff contends that Dr. Molina did not review all the updated medical records, pursuant to the Remand Order. The Commissioner responds that Dr. Molina did in fact review all available records from plaintiff's treating sources because the newly submitted psychiatric records merely duplicated the evidence that had been submitted prior to the remand. (Joint Stip. at 6).

   In her examination of plaintiff, Dr. Molina indicated under the heading "SUPPLIED MEDICAL RECORDS," that she reviewed "[r]ecords from Cherry Medical Group, indicating no psychiatric illness." (AR at 1091). While plaintiff claims that the ALJ failed to submit the updated medical reports to Dr. Molina, the Commissioner notes that the psychiatric records from the Veterans Administration submitted post-remand duplicated the records submitted prior to remand. (Joint Stip. at 4). While additional records were procured after the Remand Order, the additional records submitted dealt with plaintiff's physical ailments and not his psychiatric care.[2] Thus, after the case was

---

[1] In his decision, the ALJ erroneously refers to Dr. Molina's assessment as the assessment of her colleague, Dr. C. Valette. (AR at 425, 1091-95).

[2] The medical records from the Veterans Administration submitted prior to remand are dated August 15, 1996 to February 3, 2000 (AR at 355-88) and the progress notes are dated August 6, 1998 to January 31, 2000 (AR at 389-97). The records from the Veterans Administration submitted after the remand are dated August 15, 1996 to January 3, 2001 (AR at 561-633); January 2,
                                                      (continued...)

7

1  remanded, Dr. Molina had access to all of plaintiff's psychiatric
2  records and presumably reviewed them.
3       In his reply, plaintiff contends that Dr. Molina indicated that
4  the records from Cherry Medical Group erroneously indicated no
5  psychiatric illness. (Joint Stip. at 7). Plaintiff, however, points
6  to the consultative examination by Khang Nguyen, M.D., a psychiatrist
7  with the Cherry Medical Group, diagnosing plaintiff with "Depression
8  With Psychosis, Not Otherwise Specified, by history only." (Joint
9  Stip. at 7; AR at 663). While plaintiff contends that Dr. Nguyen's
10 January 5, 2001 diagnosis suggests that Dr. Molina did not review the
11 prior treatment records, the Court finds that a diagnosis "by history
12 only" does not necessarily indicate that Dr. Nguyen diagnosed
13 plaintiff with psychiatric illness. Rather, it appears that Dr.
14 Nguyen merely reported plaintiff's history of complaints of depression
15 with psychosis. Furthermore, in a subsequent evaluation on June 1,
16 2001, Dr. Nguyen wrote in the same Axis I diagnosis that plaintiff
17 showed "[n]o evidence of a psychiatric disorder." (AR at 660). As
18 such, the Court rejects plaintiff's claim and finds that the ALJ
19 complied with the Remand Order in furnishing Dr. Molina with
20 plaintiff's updated psychiatric records.
21 ///
22 ///
23 ///

---

²(...continued)
2000 to May 16, 2002 (AR at 731-853); January 2, 2002 to May 20, 2002 (AR at 854-960); May 20, 2002 (AR at 714-30); May 29, 2002 to October 8, 2002 (AR at 966-1043); October 10, 2002 to November 26, 2002 (AR at 1063-90); and January 2, 2003 to October 23, 2003 (AR at 1113-44).

### 2. Testimony of Lay Witness

The Remand Order clearly states that the ALJ erred in failing to consider the testimony of Ms. To in his first decision. (AR at 477). On February 24, 1998, Ms. To completed a Daily Activities Questionnaire on behalf of plaintiff, indicating that plaintiff suffered from depression and required assistance. (AR at 216-21). On November 3, 2000, Ms. To completed another Daily Activities Questionnaire, again indicating that plaintiff had difficulty with his daily functioning. (AR at 508-13). With respect to Ms. To's observations, the Administrative Appeals Judge wrote, "[T]he Appeals Council notes that the Administrative Law Judge did not address the statements from lay witness Kim To. Since Kim To has lived with the claimant and observed his alleged symptoms, the Administrative Law Judge was required to consider this statement." (AR at 477).

In his subsequent decision, the ALJ even noted that the appeals judge found he had failed to address the statements of the lay witness and, on remand, the ALJ should consider the testimony of any witnesses. (AR at 420). Notwithstanding this, the ALJ still failed to address Ms. To's statements.

In response, the Commissioner argues that the ALJ did not need to address the lay witness testimony because it conflicted with the medical evidence. (Joint Stip. at 7). But in light of the clear directive from the appeals judge, the Court is not persuaded by this argument. As such, the Court finds that the ALJ's failure to address Ms. To's testimony was in violation of the Remand Order.

///

///

**C.  Remand is Required to Remedy the Defects in the ALJ's Decision**

1  The choice of whether to reverse and remand for further
2 administrative proceedings, or to reverse and simply award benefits,
3 is within the discretion of the Court. <u>McAlister v. Sullivan</u>, 888
4 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional
5 proceedings would remedy the defects in the ALJ's decision, and where
6 the record should be developed more fully. <u>McAlister</u>, 888 F.2d at
7 603; <u>Rodriquez v. Bowen</u>, 876 F.2d 759, 763 (9th Cir. 1990). An award
8 of benefits is appropriate where no useful purpose would be served by
9 further administrative proceedings, <u>see</u> <u>Gamble v. Chater</u>, 68 F.3d 319,
10 322-23 (9th Cir. 1995), where the record has been fully developed, <u>see</u>
11 <u>Schneider v. Commissioner of the Social Security Administration</u>, 223
12 F.3d 968, 976 (9th Cir. 2000); <u>Ramirez v. Shalala</u>, 8 F.3d 1449, 1455
13 (9th Cir. 1993), or where remand would unnecessarily delay the receipt
14 of benefits. <u>See</u> <u>Smolen</u>, 80 F.3d at 1292.

15  Here, the Court finds remand appropriate. On remand, the ALJ
16 must address the testimony of Ms. Vo.[3]

17 ///
18 ///
19 ///
20 ///

21 **ORDER**

---

[3] In the Joint Stipulation, plaintiff also contends that the ALJ did not properly evaluate the medical evidence and did not properly evaluate plaintiff's subjective complaints. As explained above, however, the ALJ's error in failing to comply with the Remand Order constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS the case for further administrative proceedings consistent with the Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: June 30, 2006

                                   /s/
                              JENNIFER T. LUM
                              UNITED STATES MAGISTRATE JUDGE

11